UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| BETH LEWIS MAZE,<br><br>    Plaintiff,<br><br>V.<br><br>KENTUCKY COURT OF JUSTICE, JUDICIAL CONDUCT COMMISSION, *et al.*,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 3:19-cv-00018-GFVT<br><br>**OPINION**<br>**&**<br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

**I**

Who watches the watchers? Juvenal, The Satires, Book 6, line 347 ("*Quis custodiet ipsos custodes*?"). In Kentucky—at least for judges—that job is given to the Kentucky Court of Justice, Judicial Conduct Commission. But Judge Beth Lewis Maze says there is a problem—the Commission has abused its power. So, she has come to this Court requesting a declaratory judgment that her rights have been violated. Because this Court is precluded by immunity law from reaching any of those claims, Judge Maze's case must be **DISMISSED** [R. 5, 7, 8] and the Motion to Amend the Complaint must be **DENIED**. [R. 16.]

Judge Maze's current troubles began when her ex-husband was arrested on several criminal charges. [R. 16-2.] After learning of his arrest, she issued an order to St. Joseph Hospital for a drug screen on him. *Id.* at 7. St. Joseph refused. *Id.* at 8. Undeterred Judge Maze then issued a second order for Clark County Medical Center to perform the drug screen. *Id.*

Judge Maze's conduct caused the Commission to initiate an investigation into judicial misconduct. *Id.* at 10. As a result of an initial investigation, she was charged with fraudulently

creating the orders—indicating that the attorneys had seen the orders when they had not—and failing to disclose those actions during the preliminary investigation. [R. 8 at 3.] Separately, Judge Maze's alleged conduct made-up the bases for her three Class D felony charges. *Id.* at 4.

After three amendments to the initial ethics complaint, Judge Maze is now charged with: (i) adding unauthorized signatures to the court orders Judge Maze issued regarding her ex-husband's drug test; (ii) failing to disclose her action to the Commission during the preliminary investigation; (iii) initiating *ex parte* communications with attorneys, staff, and law enforcement officers in drug trafficking cases pending before Judge Maze's Court regarding whether criminal informants were involved in the criminal case against her husband; and (iv) initiating *ex parte* communication with Judge Eddy Coleman, a member of the Commission, which forced his recusal from the case. *Id.* at 3. But through the process of adding offenses, Judge Maze alleges that her due process rights have been violated.

Judge Maze's initial complaint asserted two Constitutional claims, under Sections 1983 and 1985, a Kentucky Constitutional claim, and a claim under the Kentucky Whistleblower Act. [R. 1.] She requested injunctive relief to stop the Commission from prosecuting the pending charges and compensatory and punitive damages against all the Defendants in their official and individual capacity. *Id.* at 23-24. Recognizing that those claims and relief were precluded by sovereign immunity, Judge Maze seeks to amend her complaint. [R. 16.] She now seeks declaratory relief that her Fifth and Fourteenth Amendment rights were violated when: (i) the Commission considered "an anonymous, unsigned complaint, including an unverified affidavit in support of a search warrant, without notice to Judge Maze or her counsel"; (ii) the Commission brought four additional charges without affording her an informal conference; (iii) the Commission subpoenaed the grand jury testimony from her criminal prosecution without

showing a "particularized need" and without notice to her or her counsel; and (iv) the Defendants Shaffer, Mando, and Malo subpoenaed, released, and received her grand jury testimony. [R.16-2.] Because each of the Defendants is entitled to immunity, Judge Maze's case must be **DISMISSED**.

## II

### A

#### i

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may assert lack of subject-matter jurisdiction as a defense. Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) is different than a motion to dismiss under Rule 12(b)(6) because it challenges the Court's power to hear the case before it. When jurisdiction is challenged under this rule, the burden is on the plaintiff to prove that jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). In answering this question, the Court is "empowered to resolve factual disputes" and need not presume that either parties' factual allegations are true. *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

**ii**

Federal Rule of Civil Procedure 15(a)(2) allows parties to amend their pleadings with leave of the Court and instructs the Court to "freely give leave when justice so requires." The United States Supreme Court has read this provision broadly and the Sixth Circuit has recognized that "where the underlying facts would support, a motion for leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak'n Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

**B**

Judge Maze's amended complaint fails to "state a claim for which relief can be granted" against the Kentucky Court of Justice. Fed. R. Civ. P. 12(b)(6). Her amended complaint removes any factual allegations against the Kentucky Court of Justice and then fails to state a cause of action against it. So, there is no claim remaining against the Kentucky Court of Justice. Therefore, Judge Maze's amended complaint against the Kentucky Court of Justice is futile.

**C**

Sovereign immunity bars suits against the State for retrospective relief. *Doe v. Cummins*, 662 Fed. Appx. 437, 444 (6th Cir. 2016). Therefore, if the Defendants are considered the State for immunity purposes and Judge Maze seeks retrospective relief, then her claims are barred. And, both are true. First, the Commission and the Defendants in their official capacity are

4

entitled to the same immunity protection as the State. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989) (holding that suits against defendants in their individual capacity are "no different from a suit against the State itself."); *Mischler v. Stevens*, 2014 WL 1378805, at *9 (E.D. Ky. Apr. 8, 2014) (granting immunity to the Commission because it "is a state body created by the Kentucky Constitution") (*quoting Kentucky Judicial Conduct Comm'n v. Woods*, 25 S.W.3d 470, 471. Ky. 2000). And, second, Judge Maze wishes this Court to declare past conduct by the Defendants illegal. *Cummins*, 662 Fed. Appx. at 444. But that relief is retrospective. So, this Court is precluded from providing relief. *Green v. Mansour*, 474 U.S. 64, 67-73 (1985).

### E

Judge Maze's amended claims are futile against the Defendants in their individual capacity because they are barred by absolute judicial or prosecutorial immunity. The court takes both in turn.

Absolute immunity extends to individual defendants who perform judicial or quasi-judicial functions. *See Deters v. Kentucky Bar Ass'n*, 130 F.Supp.3d 1038 (E.D. Ky. 2015). And, the Commission completes a quasi-judicial function when it investigates and disciplines lawyers or judges. *See Sparks v. Character & Fitness Comm. Of Ky.*, 859 F.3d 428, 430 (6th Cir. 1988); *Mischler*, 2014 WL 1378805, at *9 (holding the Chairman of the Commission was entitled to absolute judicial immunity). Here, the Commission fulfilled that role in its investigation and discipline of Judge Maze. As a result, each of the Commission's members are entitled to absolute immunity in their individual capacity. *Mischler*, 2014 WL 1378805, at *9.

Similarly, the Defendant Shaffer's assistance as the Executive Secretary of the Commission is protected by immunity. Like a court clerk, her job required her to assist in a

5

quasi-judicial function—the disciplinary process.  Logic dictates, then, that Defendant Shaffer should be treated no differently simply because she supported the Commission and not a court.  Defendant Shaffer, therefore, is shielded by the same immunity given to court clerks.  *See Denman v. Leedy*, 479 F.2d 1097 (6th Cir. 1973).

Likewise, Defendant Mando's role as the Commission's counsel gives him absolute protection from suit.  Courts have already extended immunity to attorneys investigating complaints and prosecuting disciplinary claims against lawyers for the Bar.  *Deter*, 130 F.Supp.3d at 1047.   Here, Mando's job for the Commission is indistinguishable from attorneys working for the Bar, except the target was a judge, not a lawyer.  SCR 4.010(e).  That is a distinction without a difference.  So, as an integral piece to the Commission's quasi-judicial disciplinary function, immunity must extend to Mando in his individual capacity.

Finally, Defendant Malone is safeguarded from suit by absolute prosecutorial immunity.  While absolute prosecutorial immunity is tied to the criminal process, *Burns v. Reed*, 500 U.S. 478 (1991), actions taken outside the courtroom may still be entitled to protection.  *Imbler v. Pachtman*, 424 U.S. 409 (1976).  Malone's relinquishment of the grand jury transcripts to the Commission is a protected action for two reasons.  First, but for her role as the criminal prosecutor, she would not have possessed the transcripts required by the Commission.  Second, turning over the transcripts assisted in a quasi-judicial and criminal related proceeding.  *See Harris v. Muchniki*, 932 F.Supp. 192, 197 (N.D. Ohio 1996) (holding a state prosecutor immune when he turned over grand jury minutes to the United States Department of Justice on his own accord).  Therefore, Malone's out of courtroom activity is entitled to immunity.

## III

This Court cannot reach the merits of Judge Maze's claims; that job is for the Kentucky courts and Judicial Conduct Commission. Accordingly, and being sufficiently advised, the Court **ORDERS** as follow:

1. Defendants' Motions to Dismiss [R. 5, 7, 8] are **GRANTED**;

2. Plaintiff's Motion to Amend the Complaint [R. 16] is **DENIED**; and

3. This matter is **STRICKEN** from the Court's active docket.

This the 17th day of December, 2019.

Gregory F. Van Tatenhove
United States District Judge